**KOCH PLUMBING AND HEATING, INC., a corporation, Plaintiff–Appellant,**

v.

**Michael W. BROWN, Cynthia M. Brown, and FBS Mortgage Corporation, a corporation, Defendants–Appellees.**

**No. 91CA1245.**

Colorado Court of Appeals, Div. IV.

July 16, 1992.

Newman E. McAllister, Colorado Springs, for plaintiff-appellant.

Sparks Dix Enoch, P.C., R. Kenneth Sparks, Randall N. Sickler, Colorado Springs, for defendants-appellees.

Opinion by Judge JONES.

Koch Plumbing and Heating, Inc., plaintiff, appeals the judgment entered by the trial court in favor of defendants, Michael W. and Cynthia M. Brown (Browns), and FBS Mortgage Corporation (FBS). We affirm.

The facts have been largely stipulated by the parties. In November 1989, Brent Gibson Homes, Inc., (Gibson) obtained title to an unimproved lot which the Browns thereafter selected as the site for the construction of their single family residence. In December 1989, the Browns and Gibson entered into a Residential Construction/Purchase and Sales Agreement (Agreement) whereby Gibson was to construct the Brown residence for a specified purchase price of approximately $360,000.

Upon entering into the Agreement, the Browns paid Gibson $7,000 to hold the lot on which the house was to be constructed and to have the initial blueprints prepared. On or about the date that Gibson began construction of the house, the Browns also paid Gibson a down payment of $27,590. Title was transferred to the Browns on June 29, 1990, at a closing, when they paid Gibson the balance remaining on the purchase price of the home. FBS financed most of the total purchase price for the residence and obtained a deed of trust on the same.

In January 1990, Gibson had contracted with plaintiff to install plumbing in the house for the sum of $14,475. Prior to transferring title to the Browns in June 1990, Gibson had paid plaintiff $8,500, leaving a balance due on the contract. In an effort to collect that unpaid balance, plaintiff filed a mechanic's lien against the Brown residence in August 1990.

Plaintiff thereafter commenced an action to foreclose the lien and all parties filed motions for summary judgment. The trial court entered summary judgment in favor of the Browns and dismissed plaintiff's action to foreclose his mechanic's lien. This appeal followed.

Plaintiff contends that the trial court erred in ruling that § 38-22-102(3.5), C.R.S. (1991 Cum.Supp.) provides the Browns with a specific affirmative defense which bars the enforcement of its mechanic's lien. We perceive no error.

Section 38-22-102(3.5) provides as follows:

> Any provisions of this section to the contrary notwithstanding, it shall be an affirmative defense in any action to enforce a lien pursuant to this article that the owner or some person acting on his behalf has paid an amount sufficient to satisfy the contractual and legal obligations of the owner, including the initial purchase price or contract amount plus any additions or change orders, to the principal contractor or any subcontractor for the purpose of payment to the subcontractors or suppliers of materials or services to the job, when:
>
> (a) The property is an existing single-family dwelling unit;
>
> (b) The property is a residence constructed by the owner or under a con-

tract entered into by the owner prior to its occupancy as his primary residence; or

(c) The property is a single-family, owner-occupied dwelling unit, including a residence constructed and sold for occupancy as a primary residence. This paragraph (c) shall not apply to a developer or builder of multiple residences except for the residence that is occupied as the primary residence of the developer or builder.

Plaintiff argues that § 38–22–102 cannot be applied here because Gibson was not a principal contractor when the Browns paid the full balance of the purchase price for the residence that Gibson constructed. Rather, it claims, payment was made to Gibson when that entity was still a partial owner of the house. Therefore, it maintains that the statute offers defendants no protection from enforcement of its lien because payment was not made by the owner "to the principal contractor or any subcontractor."

■ Plaintiff maintains the statute at issue is ambiguous, and for purposes of this opinion, we will concede such to be the case. Under such circumstances, we must construe this statute according to the legislative intent underlying its promulgation. *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106 (Colo.1990).

Upon doing so, we conclude that an interpretation that would bar application of the statute here would be contrary to legislative intent.

Previously, a division of this court applied the principles of statutory construction espoused in *Danielson* to reconcile competing interpretations of other provisions of § 38–22–102(3.5), C.R.S. (1991 Cum.Supp.). In *Wholesale Specialties v. Village Homes*, 820 P.2d 1170 (Colo.App. 1991), the court's examination of the statute's legislative history revealed the following statements by one of the statute's co-sponsors: "'If the homeowner pays his bills, [this provision] makes the benefit automatic.... [This statute] prevents the homeowner from paying for the house

twice because the contractor didn't pay the bills.'"

Our interpretation of the statute's ambiguous provisions must be consistent with the intended purpose underlying its promulgation. *Danielson v. Castle Meadows, Inc., supra; Wholesale Specialties v. Village Homes, supra.* Thus: "'[W]here the owner actually pays the contractor for the contract price ... the subcontractor's remedy would be to go back against the contractor and not be allowed to put a lien against the private owner's property.'" *Wholesale Specialties v. Village Homes, supra,* quoting from Hearings on S.B. 199 before the House Legislative Finance Committee, 56th General Assembly, 1st Session (March 24, 1987).

The statements made by the statute's co-sponsor are expressive of the General Assembly's intent to protect *homeowners* from the prospect of having to make additional payments once they have paid the full contract price for their home.

■ Here, it is undisputed that Gibson contracted with the Browns to construct their residence and the Browns paid Gibson the full contract price for their home, at which time the Browns became homeowners. The fact that Gibson transferred its ownership of the home to the Browns at the time payment was made does not alter the reality that Gibson was the entity with whom the Browns had contracted to build their home according to their specifications, and that they paid the full contract price.

Moreover, a party's entitlement to a lien may be determined pursuant to § 38–22–101(1), C.R.S. (1982 Repl.Vol. 16A). Under this section, both Gibson and plaintiff are contractors entitled to a lien against the home. *See Schneider v. J.W. Metz Lumber Co.*, 715 P.2d 329 (Colo.1986). Thus, the record establishes that Gibson's relationship with the Browns was that of a contractor in charge of construction.

Accordingly, regardless of Gibson's status as an owner, when the Browns paid Gibson various amounts over time, constituting the full purchase price for their home, the payment was made to Gibson as contractor, by necessity either principal

contractor or subcontractor, and the statute's provisions were automatically triggered to protect the Browns, as *homeowners*, from subsequent liens against their residence. Thus, plaintiff's enforcement of what may otherwise be a valid lien is barred by the application of the affirmative defense available to defendants pursuant to § 38–22–102(3.5), and plaintiff's only remedy lies against Gibson.

Moreover, plaintiff did not contract for "any additions or change orders." Thus, payment of the "purchase price or contract amount" satisfied defendants' "contractual and legal obligations" for purposes of triggering a complete affirmative defense under the statute which bars enforcement of a lien by plaintiff against defendants, and renders plaintiff's remaining contentions meritless. *See* § 38–22–102(3.5), C.R.S. (1991 Cum.Supp.).

We conclude that the trial court correctly determined that § 38–22–102(3.5) bars plaintiff's enforcement of a mechanic's lien against defendants.

The judgment is affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.